Filed 7/22/26  P. v. Hernandez CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANIEL HERNANDEZ,<br><br>    Defendant and Appellant. | F089164<br><br>(Super. Ct. No. VCF170418A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Richard Oberto, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary, Darren K. Indermill and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Appellant Daniel Hernandez was convicted as an aider and abettor of three counts of discharging a firearm from a motor vehicle at another person, with gun and gang enhancements. Appellant was sentenced to an aggregate term of 18 years 4 months plus 25 years to life in prison. On August 12, 2024, appellant filed a petition for writ of habeas corpus claiming his sentence was unlawful due to the imposition of full term, consecutive sentences. The trial court issued an order to show cause, and granted the petition, resentencing appellant to 8 years 4 months, plus 25 years to life in prison. The court declined to further mitigate the sentence or to consider whether appellant was entitled to relief pursuant to the changes enacted by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333). Appellant appealed, arguing he is entitled to relief from the gang enhancements that do not meet the more stringent proof requirements enacted by Assembly Bill 333. The Attorney General concedes the gang allegations must be vacated due to instructional error in light of Assembly Bill 333, and the matter must be remanded to give the People the opportunity to retry the gang allegations.

We concur, reverse the enhancements and remand the case for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**[1]

On September 12, 2006, David Stephen, Alex Ramos, and Lorenzo Leon encountered appellant and Jose Ruiz in Tulare County. Stephen, Ramos and Leon were walking on foot, and appellant and Ruiz were in a vehicle, which appellant was driving. Appellant stopped the vehicle and Leon approached the passenger window, asking appellant and Ruiz what was going on. (*Hernandez, supra*, 181 Cal.App.4th at p. 1498.) Ruiz asked appellant if he should "'book'" or shoot Leon due to suspected involvement

---

[1] The facts are derived from, and discussed in further detail in the prior appellate opinion, *People v. Hernandez* (2010) 181 Cal.App.4th 1494 (*Hernandez*).

2.

in an earlier shooting, and appellant told him not to. (*Ibid.*) Ruiz nonetheless pulled out a gun and fired multiple rounds, fatally striking Leon in the chest. (*Ibid.*) Although appellant knew Ruiz carried a gun, appellant testified he did not think Ruiz was going to shoot anyone, and when appellant realized Ruiz intended to shoot, he believed Ruiz would shoot in the air. (*Ibid.*) Stephen and Ramos escaped unharmed. (*Ibid.*)

On July 30, 2008, appellant was charged by fourth amended information of murder (Pen. Code, § 187, subd. (a); count 1);[2] two counts of willful, deliberate and premeditated attempted murder (§§ 664, 187, subd. (a); counts 2–3); and three counts of shooting from a motor vehicle (former § 12034, subd. (c);[3] counts 4–6). The People alleged the murder was perpetrated by means of discharging a firearm from a motor vehicle with intent to inflict death pursuant to section 190.2, subdivision (a)(21), and that appellant was an active participant in a criminal street gang and the murder was carried out to further the activities of the criminal street gang pursuant to section 190.2, subdivision (a)(22). As to counts 1 and 4, the People alleged a principal intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subds. (d), (e)(1)). As to all counts, the People alleged that a principal intentionally discharged a firearm (§ 12022.53, subds. (c), (e)(1)) or, alternatively, a principal personally used a firearm (§ 12022.53, subds. (b), (e)(1)). As to all counts, the People alleged the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

A jury found appellant guilty of counts 4–6 and found true the related sections 12022.53 and 186.22 enhancements. On August 14, 2008, the trial court sentenced appellant to the midterm of five years as to count 4 and 25 years to life for the related section 12022.53 enhancement, a consecutive midterm of five years for count 5

---

[2]     Further statutory references are to the Penal Code unless otherwise stated.

[3]     Section 12034 was repealed and renumbered section 26100 by Senate Bill No. 1080 (Stats. 2010, ch. 711, § 6, operative Jan. 1, 2012.)

and five years for the related section 186.22 enhancement, a consecutive one-third the midterm of one year eight months for count 6, and one third the midterm of one year eight months for the related section 186.22 enhancement, for an aggregate sentence of 18 years 4 months, plus 25 years to life in prison.

On August 12, 2024, appellant filed a petition for writ of habeas corpus alleging that his sentence was unlawful. Appellant argued the full midterm sentence imposed in count 5 should have been one-third the midterm pursuant to section 1170.1, subdivision (a). On August 20, 2024, the trial court issued an order to show cause and appointed counsel for appellant. On November 8, 2024, appellant filed a motion requesting the trial court additionally consider Assembly Bill 333, and Senate Bill Nos. 81 (2021–2022 Reg. Sess.) and 620 (2017–2018 Reg. Sess.) during his resentencing.

On December 30, 2024, the trial court held appellant's resentencing hearing. The trial court granted appellant's petition for writ of habeas corpus and vacated the original sentence as illegal and unauthorized. The court denied appellant's application for probation and, after weighing aggravating and mitigating factors, declined to impose the lower term for count 4. The court declined to exercise its discretion and dismiss the section 12022.53 enhancement, finding dismissal would endanger public safety and result in the likelihood of physical harm and serious danger to others. In furtherance of the legislative mandate for ameliorative sentencing, the court struck the punishment for the section 186.22, subdivision (b)(1)(C) enhancements for counts 5 and 6.

The trial court sentenced appellant to the midterm of five years as to count 4, plus an additional and consecutive term of 25 years to life for the related section 12022.53 enhancement, and one-third the midterm of one year eight months each for counts 5 and 6. The trial court also sentenced appellant to one-third the midterm of one year eight months for each related section 186.22, subdivision (b)(1)(C) enhancement for counts 5 and 6, but struck the punishment. In aggregate, the trial court sentenced appellant to

4.

eight years four months, plus 25 years to life in prison. The court declined to hear appellant's Assembly Bill 333 request.

## DISCUSSION

### I. Assembly Bill 333 Amendments to Section 186.22

In 2021, "Assembly Bill 333 made the following changes to the law on gang enhancements: First, it narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, *organized* association or group of three or more persons.' (§ 186.22, subd. (f), italics added.) Second, whereas section 186.22, former subdivision (f) required only that a gang's members 'individually *or* collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang. (§ 186.22, subd. (f), italics added) Third, Assembly Bill 333 also narrowed the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense. (§ 186.22, subd. (e)(1), (2).) Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.' (§ 186.22, subd. (g).)" (*People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*).)

Section 186.22, subdivision (b)(1) states, "Except as provided in paragraphs (4) and (5), a person who is convicted of a felony committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members, shall, upon conviction

5.

of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the person has been convicted, be punished ….”

Section 12022.53, subdivision (d) states, “Notwithstanding any other law, a person who, in the commission of a felony specified in subdivision (a) … personally and intentionally discharges a firearm and proximately causes great bodily injury, as defined in Section 12022.7, or death, to a person other than an accomplice, shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life.” Section 12022.53, subdivision (e)(1) provides, “The enhancements provided in this section shall apply to any person who is a principal in the commission of an offense if both of the following are pled and proved: [¶] (A) The person violated subdivision (b) of Section 186.22. [¶] (B) Any principal in the offense committed any act specified in subdivision (b), (c), or (d).”

In 2008, when appellant was first sentenced for the commitment offense, section 186.22, subdivision (f) read, “As used in this chapter, ‘criminal street gang’ means any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25), inclusive, or (31) to (33), inclusive, of subdivision (e), having a common name or common identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity.”

Following the passage of Assembly Bill 333, section 186.22, subdivision (f) was amended to read, “As used in this chapter, ‘criminal street gang’ means an ongoing, organized association or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in subdivision (e), having a common name or common identifying sign or symbol, and whose members *collectively* engage in, or have engaged in, a pattern of criminal gang activity.” (Italics added.)

Section 186.22, subdivision (g) was amended to state, "As used in this chapter, to benefit, promote, further, or assist means to provide a common benefit to members of a gang where the common benefit is more than reputational. Examples of a common benefit that are more than reputational may include, but are not limited to, financial gain or motivation, retaliation, targeting a perceived or actual gang rival, or intimidation or silencing of a potential current or previous witness or informant."

Assembly Bill 333's ameliorative amendments to section 186.22, implicate both section 186.22, subdivision (b)(1)(C) and section 12022.53, subdivisions (d) and (e)(1), due to section 12022.53, subdivision (e)(1) incorporating section 186.22, subdivision (b) in its language.

## II. Retroactive Application of Assembly Bill 333

Ordinarily, statutes are presumed to apply only prospectively, unless the Legislature expressly declares otherwise. (*People v. Burgos* (2024) 16 Cal.5th 1, 7–8.) In the absence of a contrary indication of legislative intent, legislation that ameliorates punishment applies to all cases that are not yet final as of the legislation's effective date. (*In re Estrada* (1965) 63 Cal.2d 740, 745.)

"[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*).) The resentencing court has jurisdiction to modify every aspect of the sentence, and not just the portion subjected to a recall, and the court "may consider 'any pertinent circumstances which have arisen since the prior sentence was imposed.'" (*Ibid.*)

"When a substantive change occurs in the elements of an offense and the jury is not instructed as to the proper elements, the omission implicates the defendant's right to a jury trial under the Sixth Amendment, and reversal is required unless 'it appears beyond a reasonable doubt' that the jury verdict would have been the same in the absence of the

error." (*Tran, supra*, 13 Cal.5th at p. 1207.) "Here, 'Assembly Bill 333 essentially adds new elements to the substantive offense and enhancements in section 186.22—for example, by requiring proof that gang members "collectively engage" in a pattern of criminal gang activity, that the predicate offenses were committed by gang members, that the predicate offenses benefitted the gang, and that the predicate and underlying offenses provided more than a reputational benefit to the gang.…' [Citations.] These changes have the effect of 'increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement,' .…" (*Ibid.*)

When appellant was resentenced, his sentence became nonfinal and he was entitled to a "'full resentencing'" on all counts, with the sentencing court taking into consideration all pertinent circumstances that had arisen since appellant was originally sentenced. (*Buycks, supra*, 5 Cal.5th at p. 893.)

Additionally, the court striking the punishment for the section 186.22, subdivision (b)(1)(C) enhancements for counts 4 and 5 does not render the issue moot as to those enhancements. Striking an enhancement's punishment is not the same as striking the enhancement itself, and "does not 'operate to defeat the factual finding of the truth of the [allegation], instead, such act merely serves to prohibit a certain purpose for which the [allegation] may be used.'" (*In re Pacheco* (2007) 155 Cal.App.4th 1439, 1445.)

## III. Instructional Error

Appellant argues both the section 186.22, subdivision (b)(1)(C) and section 12022.53, subdivisions (d) and (e)(1) enhancements are gang-related enhancements affected by the changes enacted by Assembly Bill 333. Appellant correctly states that during his trial, the parties did not have prescient knowledge of Assembly Bill 333 and, thus, none of the jury instructions incorporated Assembly Bill 333's narrower definition of criminal street gang, nor required proof that the underlying crime commonly benefited the gang.

The Attorney General concedes that the jury instructions were deficient, and the error was not harmless beyond a reasonable doubt. The Attorney General argues that the proper remedy is to vacate the sentence and remand the matter to give the People an opportunity to retry the gang enhancements, if they so choose. We agree, reverse the enhancements and remand the matter for further proceedings consistent with this opinion.

Finally, as noted by the Attorney General, in certain cases, retrial is barred where a defendant successfully overturns a judgement of conviction based on insufficiency of the evidence. (*People v. Hin* (2025) 17 Cal.5th 401, 454–455 (*Hin*).) "A finding of insufficient evidence is the functional equivalent of a judgment of acquittal, upon which retrial is prohibited." (*Id.* at p. 455.)

However, the incentive of double jeopardy to protect a defendant against harassment and unnecessary, repeated trials "'serves no purpose when, as here, the prosecution did make such a case under the law as it then stood; having done so, the prosecution had little or no reason to produce other evidence of guilt.'" (*Hin, supra*, 17 Cal.5th at p. 459.) "In other words, where the prosecution's original burden of proof at trial is later altered, 'it [is] unrealistic to assume that the prosecution, with a perfect case for proof of [the invalid theory], necessarily presented all available evidence relating to [the valid theory.]'" (*Ibid.*)

Because we do not resolve this case on insufficiency of the evidence grounds but rather find instructional error due to the amendments to section 186.22 enacted by Assembly Bill 333, double jeopardy does not bar the People from retrying the section 186.22, subdivision (b)(1)(C) and section 12022.53, subdivisions (d) and (e)(1) enhancements.[4]

---

[4]  Appellant makes additional arguments as to why the gang enhancements must be vacated, but we need not address those arguments inasmuch as we resolve the matter based on appellant's argument, and the Attorney General's concession, of instructional error.

**DISPOSITION**

The section 186.22, subdivision (b) gang enhancements and the section 12022.53 firearm enhancements are reversed. The matter is remanded to the trial court for further proceedings. The People shall have 60 days from the date of the remittitur in which to file an election to retry appellant on these enhancements. If the People elect not to retry him, the trial court shall modify the judgment by striking the enhancements and shall resentence appellant accordingly. Following the conclusion of proceedings, the court shall amend the abstract of judgment in a manner consistent with this disposition and forward copies of the amended abstract to the appropriate law enforcement and custodial officials. In all other respects, the judgment is affirmed.

MEEHAN, J.

WE CONCUR:

HILL, P. J.

GUERRA, J.

10.